IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK A. ELLIS, M.D., *et al.*, <br><br> Defendants. | Case No. 3:19-cv-107 (CAR) |

**PRIVACY ACT PROTECTIVE ORDER**

The parties' Joint Motion for a Privacy Act Protective Order [Doc. 29] is **GRANTED**. Upon consideration of the Motion, and pursuant to 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that the United States (hereinafter, "Plaintiff") is authorized to release to the Defendant's counsel and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

1. For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4). This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act. Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act, are not covered by this Order.

2. Government records that identify specific individuals shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE

ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to interrogatories, if any, that contain protected information derived from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to the records designated by the Plaintiff as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court. Documents or information existing outside of government records are not necessarily protected by the Privacy Act simply because similar or identical documents have been designated as "Protected."

3. Any government documents or information designated as subject to this Order by the Plaintiff shall be used by the parties or their representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the parties or their representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

4. Except as otherwise ordered by this Court, any documents or information subject to the Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this case; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case; (d) persons with factual knowledge relating to this case

who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated solely and exclusively to aid in litigating this case; and (e) any deponent in these cases during his or her deposition.

5. All individuals to whom documents or information subject to this order are disclosed by Defendants' counsel shall be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Defendant's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded. Should Defendants or Defendants' counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 4, above, Defendants' counsel must obtain the Plaintiff's consent. If the Plaintiff does not consent to disclosure, then Defendants or Defendants' counsel may, on motion, seek modification of this Order from the Court.

6. The Defendants may challenge the government's Privacy Act designation of a document or information by moving the Court to have the document or information made public. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

7. Any document, material or other information designated as entitled to protection under this Order that a party wishes to submit to the Court in support of a pleading or other filing shall be filed under seal. Upon such a filing, the Plaintiff shall have 10 days to file a notice indicating whether the material should remain sealed and/or indicate what appropriate steps should be taken to protect private information consistent with the Privacy Act. Defendant shall have 10 days to respond if it disagrees with the position taken by Plaintiff. A party who seeks to introduce

protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

8. Within thirty days of the conclusion of this case and any subsequent appeals, Defendants' counsel must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to the Plaintiff or otherwise destroyed; provided, however, that no party is required to return or destroy or any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

9. Neither the United States Department of Justice or the Defendant, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Defendants or Defendants' counsel under this Order, or of any information contained in such documents.

10. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

11. This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

IT IS SO ORDERED this 16th day of May, 2022

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>MARK A. ELLIS, M.D., *et al.*,<br><br>   Defendants. | Case No. 3:19-cv-107 (CAR) |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER**

I,_____, hereby acknowledge that I have read and understand the Privacy Act Protective Order entered in this action. I hereby agree to be bound by the terms of the Order. Specifically:

1. I agree that I will use records and information protected by the Order only for purposes of this litigation, including any appeals, and not for any other purpose of any kind, including that I will not disclose any such records or information to any other person or to the public.

2. I agree that I will return or destroy all records subject to this order produced by the United States

 (hereinafter, "the Plaintiff") to the Defendants' counsel who at the termination of this litigation will return such records to the Plaintiff.

3. Defendants' counsel on my behalf will certify to the Plaintiff that any documents created that contain information subject to this Order have been destroyed.

4. I agree that I will disclose records and information protected by the Order solely to the parties to this action and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (except the

Court, the Plaintiff's employees and the Plaintiff's counsel) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation.

5. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

6. I hereby consent to the personal jurisdiction of the United States District Court for the Middle District of Georgia in the above-captioned case for the purpose of enforcing the aforementioned Order in conjunction with this acknowledgment and agreement.

_____
[signature]

_____
[print name]

DATED: _____